**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRAVIS IRVIN MIDDLETON, | No. 13-56877 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-08089-SVW-AGR |
| v. | |
| RAUL VASQUEZ; et al., | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| RICK VON GELDERN; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted August 25, 2015[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Middleton's request for oral argument, set forth in his opening brief, is denied.

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Travis Irvin Middleton appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging civil rights violations related to his state court conviction for indecent exposure. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Beets v. County of Los Angeles*, 669 F.3d 1038, 1041 (9th Cir. 2012) (dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed as *Heck*-barred Middleton's claims against the Santa Barbara County defendants because success on his claims would necessarily imply the invalidity of his conviction, and Middleton failed to allege that his conviction has been invalidated. *See Heck*, 512 U.S. at 486-87 (holding that, "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

We do not consider the district court's dismissal with prejudice of

13-56877

Middleton's cause of action for sedition and of all claims against defendant Alliant Insurance Services, Inc. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (issues not argued on appeal are waived).

We reject Middleton's contention that his constitutional rights were violated by the district court's dismissal of his complaint.

**AFFIRMED.**

13-56877